**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 03, 2024.**



_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**

_____

```
                    UNITED STATES BANKRUPTCY COURT
                      WESTERN DISTRICT OF TEXAS
                       MIDLAND-ODESSA DIVISION

In re:                          }
                                }
DIANA PEREZ                     }      Case No. 24-70081 - SMR
                                }           (Chapter 13)
                                }
         Debtor                 }
```

## ORDER CONFIRMING THE DEBTOR'S PLAN

Use of the singular word "Debtor" includes the plural in a joint case.

It having been determined after hearing that the Plan or, if applicable, the Amended Plan, filed by the Debtor on June 14, 2024, (the "Plan") complies with the provisions of Chapter 13 (11 U.S.C. Section 1301, et seq.) and with all other applicable provisions of Title 11 of the United States Code; and that all fees and charges to be paid before confirmation have been paid, the Court concludes that the Plan should be confirmed; Therefore,

IT IS ORDERED THAT:

1.      The Plan is confirmed.  The stated term of payments in the Plan is sixty (60) months.  Unless otherwise provided for in this Order, the Plan is to continue until the base amount of the Plan specified below is paid to the Chapter 13 Trustee ("Trustee") under the Plan.  However, if the Plan calls for payment of one hundred percent (100%) of the allowed claims, it shall continue for the period of time, not to exceed sixty (60) months, that is necessary to pay the total amount of allowed claims as directed in the Plan.

2.      Beginning thirty (30) days after the filing of the original Plan or the order for relief, whichever is earlier, and each month thereafter until completion of the Plan or further Order, the Debtor shall pay to the Trustee the sum of $3,000.00.  The base amount of the Plan is $180,000.00, and such base amount is subject to increase pursuant to paragraph 7 below.

3.      Should the Debtor become sixty (60) or more days delinquent in making such Plan payments to the Trustee, then, upon the submission of an Order for summary dismissal by the Trustee to the Court, this case may be dismissed without further notice or hearing.  Further, this Order Confirming the Debtor's Plan is without prejudice to the right of any party to request an employer pay order at a subsequent date.

4.      Claims not filed by the deadline to file proofs of claim shall be deemed disallowed and will not be paid by the Trustee except as otherwise allowed in the Recommendation Concerning Claims filed by the Trustee pursuant to the Standing Order for Chapter 13 Case Administration for this Division or other Orders entered by the Court.

5.      Notwithstanding 11 U.S.C. Section 347, a claim previously allowed may be disallowed pursuant to 11 U.S.C. Section 502 for failure to maintain a current address with the United States Bankruptcy Clerk or to negotiate Trustee checks within the time limit specified on the check.  Funds previously allocated by the Plan for such disallowed claims will be paid to other allowed claims pursuant to the Debtor's Plan.

6.      The Internal Revenue Service ("IRS") is authorized to apply any tax refunds of the Debtor to any tax obligations due and owing by the Debtor, regardless of whether such tax obligations or tax refunds arose before or after the filing of Debtor's case, so long as the tax obligations are entitled to priority status under 11 U.S.C. Section 507(a).  The base amount of the Plan will not be adjusted or reduced by reason of any IRS offset.

7. In accordance with the provisions of the Plan and the Standing Orders of the Court applicable to Chapter 13 cases pending in this Division, the base amount of the Plan shall be increased to include applicable amounts of tax refunds received by Debtor while the case is pending and may also be increased to account for certain other events (including when applicable certain instances of an increase in ongoing mortgage payments or post-petition mortgage fees, expenses, or charges).

8. At the time of the issuance of this Order Confirming the Debtor's Plan, the time for filing claims in this case may not have expired. Consequently, the Court specifically reserves the right in the future to: (a) enter a final order on an objection to, or action contesting the validity or priority of, the secured status of a claim filed as secured either before or after entry of this Order, and value the collateral securing any such claim to the extent not previously valued herein or otherwise by the Court; (b) enter a final order on any response or objection to the Trustee's Recommendation Concerning Claims, and on any additional objection(s) to claims filed by a party in interest; and (c) enter a final order on any motion to modify the Plan or motion to dismiss the case for reason of any claim being allowed that renders the Plan not feasible.

9. The Debtor's attorney is allowed a total attorney fee of $4,250.00. Of such total fee, $2,608.00 is to be paid through the Plan at the rate specified in the Plan; provided, however, the monthly payments to Debtor's attorney shall not exceed $1,000.00 for the first disbursement (or $1,500.00 for the first disbursement in a case in which the Trustee serves as disbursing agent for ongoing mortgage payments), and then $350.00 per month thereafter.

10. The valuation of collateral as set forth below shall not relieve a secured creditor from the duty to file a proof of claim in order to be paid under the Plan. Further, such valuation shall not preclude any party from objecting to the amount claimed by any such creditor, or from bringing an action to determine the extent or validity of such creditor's security interest or to avoid any such security interest.

ORDERS REGARDING VALUE (PURSUANT TO PLAN OR OTHERWISE):

[Continued on next page.]

ORDERS REGARDING VALUE (PURSUANT TO PLAN OR OTHERWISE):

| CREDITOR | COLLATERAL | VALUE | REMARKS | PLAN INTEREST RATE |
|---|---|---|---|---|
| Santander Consumer USA | 2019 Chevrolet Silverado | $24,098.00 | Plan treats as 910 claim | Secured: 19.16%/annum |
| Westlake Portfolio Management LLC | 2020 Chevrolet Traverse | $16,754.00 | Plan treats as 910 claim | Secured: 17.90%/annum |

11. ORDERS AVOIDING LIEN (PURSUANT TO PLAN OR OTHERWISE):

| CREDITOR | DISPOSITION | PROPERTY ON WHICH LIEN AVOIDED |
|---|---|---|
| None | | |

12. OTHER:

(a). Pursuant to the Standing Order Regarding Chapter 13 Tax Refunds effective October 1, 2020, Section 4.1 of the Plan is deleted and superseded and replaced with the treatment of tax refunds in chapter 13 cases as set forth in such Standing Order Regarding Chapter 13 Tax Refunds.

###